### FLOYD WATSON v. THE STATE.

#### No. 3025.　Decided May 31, 1905.

**1.—Theft of Hog—Evidence—Confession.**

Where defendant was on trial for theft of hogs and receiving stolen hogs, it was reversible error to admit in evidence the confession of his codefendant that the latter and defendant had stolen the hogs together, inasmuch as the said codefendant had not first been warned that the confession could be used

against him: the testimony not being competent against the person committing the alleged theft, it could not be used against the defendant for receiving the stolen property. ·

**2.—Same—Co-Conspirator—Evidence.**

Declarations · of a co-conspirator made after the commission of the offense and not in the presence of defendant are inadmissible against the latter.

**3.—Same—Harmless Error—Misconduct of Jury.**

A conversation between the officer in charge of the jury in a felony case and one of the jurors about some other case not connected with the one on trial, while improper, is not reversible error.

Appeal from the District Court of Houston. Tried below before Hon. B. H. Gardner.

Appeal from a conviction of theft of hogs; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Adams & Adams* and *J. M. Cook,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—The indictment was in two counts, one for theft of hogs, and the other for receiving stolen hogs. Appellant was convicted under the second count. On the trial the court admitted the confession of Covey Watson. The formal bill taken is defective. However, the bill containing more fully the circumstances under which the confession of Covey Watson was admitted in evidence was taken in the statement of facts in the testimony of three of the witnesses who testified to said confession. This bill of exceptions shows, from the witnesses Mack Hale, Hall Long, and Oscar Farris, that after the officers discovered some fresh meat at Covey Watson's which was identified as being meat from the hogs stolen from Hayden, prosecutor, they .arrested Covey Watson, and then, without warning him they told him it might be better for him if he would confess about stealing the hogs and who helped him; and he stated that he and his brother Floyd had stolen the hogs, killed them and divided the meat. To all of which confession the defendant objected for the reason that at the time it was shown that Covey Watson was under arrest, had not been warned as required by law, and the same was not competent evidence as against this defendant to establish the guilt of Covey Watson. And the said confession having been made when defendant was not present the same was a declaration of a co-conspirator made after the commission of the offense, if any, and was purely hearsay as to this defendant. We believe that each of the grounds of objection stated is good. It is conceded that if Covey Watson made the confession as to the theft of said hogs, under circumstances which would authorize the admission of the confession as against him, the same would be admissible to show his guilt of said theft—appellant being charged with receiving said hogs from him, knowing them to have been stolen. The court in its charge

limited the effect of this testimony to Covey Watson alone. However, this confession was not legitimate evidence against Covey Watson, who was under arrest at the time. He was not warned and an inducement was offered to him to make said confession. That is, it was stated it might be better for him if he would confess. It should have been excluded by the court.

Appellant also excepted to the action of the court with reference to the misconduct of the jury. It seems that one Platt, who was a deputy sheriff, was in charge of the jury trying this case. Before it was finally submitted to the jury, the question came up about the trial of Alex Sanders. One of the jurors asked the officer what had become of it, and informed the juror that it was reversed because the jury had reached the verdict by lot; and he asked how they found a verdict by lot; he answered explaining what a verdict by lot was. This was before the charge was read to the jury. The Floyd Watson case was not mentioned in that connection. It does not occur to us that this conduct of the officer, even though it be conceded to be erroneous, would constitute reversible error.

For the errors heretofore discussed in admitting the testimony of the confession of Covey Watson, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Brooks, Judge, absent.